UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:09CV-P78-M

**THOMAS EDWARD BURKE, JR.**                                                              **PETITIONER**

v.

**THOMAS L. SIMPSON, WARDEN**                                                              **RESPONDENT**

### MEMORANDUM AND ORDER

In this habeas action filed pursuant to 28 U.S.C. § 2254, Petitioner Thomas Edward Burke, Jr., filed a motion for appointment of a warning order attorney (DN 10), a motion for entry of default (DN 13), two sets of interrogatories pursuant to Rule 33 (DNs 8 & 11), and a motion for production of documents (DN 14). Each is addressed below.

Petitioner seeks appointment of a warning order attorney "to warn and notify the Respondents that this case action has been filed against them in this court" (DN 10). He also asks for entry of default against Respondent because he has failed to answer or otherwise defend (DN 13). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court is required to perform a preliminary review of the petition, and:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order. In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.

Rule 4, 28 U.S.C. foll. § 2254. Because the Court has not yet performed its initial review of the petition under Rule 4, service is not yet warranted on Respondent, and Respondent is not yet required to answer. **IT IS THEREFORE ORDERED** that Petitioner's motion for appointment of a warning order attorney (DN 10) and motion for entry of default (DN 13) are **DENIED**.

As to Petitioner's filing of interrogatories and motion for production of documents, "'[h]abeas petitioners have no right to automatic discovery.'" *Beuke v. Houk*, 537 F.3d 618, 654 (6th Cir. 2008) (*Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001)). Rather, under Rule 6 of the Rules Governing Section 2254 Cases, leave of court is required. *See* Rule 6(a), 28 U.S.C. foll. § 2254 ("A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery."). Further, "[a] party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents." Rule 6(b).

As Petitioner has not filed a request to conduct discovery with the Court and, consequently, has not demonstrated good cause as required under Rule 6, **IT IS ORDERED that the interrogatories (DNs 8 & 11) and request for production of documents (DN 14) are STRICKEN from the record.** The Clerk of Court is **DIRECTED** to withdraw the PDF documents from the docket sheet.

The Court notes that in the request for production of documents, Petitioner requests the following forms from the Clerk of Court: 10 summonses and 10 subpoenas with U.S. Marshal's Form 285; 4 forms for proceeding *in forma pauperis*; 4 motions of discovery; 4 motions to dismiss for failure to prosecute; 4 certificates of judgment; 6 civil cover sheets; 2 copies of the Federal Rules of Civil Procedure; 10 general motion forms; and 2 copies of "All case History with this Court!"

**The Clerk of Court is DIRECTED to send Petitioner: two forms for proceeding *in forma pauperis* (for prisoners); four general motion forms; and a copy of the docket sheet.**

The remaining forms are either unnecessary with respect to the instant action or are not available for dissemination at the Clerk's Office.

Further requests to the Clerk of Court shall be made directly to the Clerk of Court by letter and not by way of motion to this Court. Additionally, the Clerk's Office charges a fee for copies. Consequently, any further requests for a copy of the docket sheet or any filing must be made in writing by way of a letter directed to the Clerk of Court.

Date:

cc: Petitioner, *pro se*
4414.005